## NATIONAL GUARANTEE FINANCE CO v PFAFF MOTOR CAR CO

Ohio Appeals, 1st Dist, Hamilton Co
Decided Dec 22, 1930

Cohen, Mack & Hurtig, Cincinnati, for Finance Corp.

Kunkel & Kunkel, Cincinnati, for Motor Car Co.

HAMILTON, J.

The Pfaff Motor Car Company contends that the cars were simply loaned to Seibert for display on his floors; that the transaction between the Pfaff Motor Car Company and Seibert was that of bailment not for hire; that Seibert had no title in the cars, and could convey none to the Finance Company by way of mortgage.

The Finance Company contends it had the right of property in the cars, since it had taken possession of them under the provisions of its chattel mortgages and that the chattel mortgages are valid liens under the general rule pronounced in 24 R. C. L., page 458, which is:

"It is also generally held that if a manufacturer or wholesale dealer sells on credit and delivers the property to a retail dealer for the apparent purpose of resale, the condition that the title shall remain in the seller until the price is paid is ineffectual as against a bona fide purchaser from the retailer in the due course of trade."

This claim of the Finance Company would tend to bring the mortgagee within the protection of the decisions in what are known as the "floor plan" cases. These decisions are to the effect that where a distributor places his property on the floor of the dealer for the purpose of exhibiting same for sale to the public, the buyer will be protected. This rule is more particularly stated in Herman on "Estoppel and Res Adjudicata," paragraph 978:

"Where the owner holds out another or allows him to appear as the owner of or having full power of disposition over the property, and innocent third parties are led into dealing with such apparent owner, they will be protected. Their rights in such cases do not depend upon the actual title or authority of the party with whom they deal directly, but are derived from the act of the real owner, which precludes him from disputing, as against them, the existence of the title or power which, through negligence or mistaken confidence, he caused or allowed to appear to be vested in the party making the sale or conveyance."

It has long been recognized that in the case of retailers of merchandise it was necessary to protect the buying public in order to facilitate trade. The purchasers of small articles could not be expected to investigate the title before they were put on sale and permitted to be sold in a sales establishment. We see no reason why a different rule should exist with reference to automobiles, notwithstanding the automobile is a large article. The proposition here is a well known common law rule and codified in §8403 GC, of the Sales Act. The pertinent part of that section is:

"Subject to the provisions of this chapter, when goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent to the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell."

Applying this section to the case at bar, if we accept the evidence offered by the Pfaff Motor Car Company, which the trial court had a right to do, Seibert was not the owner but the Pfaff Motor Car Company was the owner. Had Seibert sold the cars to the buying public, the buyer would acquire no better title to the goods than the Pfaff Motor Car Company had, unless the plaintiff in error, by its conduct, was precluded from denying Seibert's authority to sell.

It would not be a question of passing the title, but the Motor Car Company would be estopped to deny the buyer's title. The testimony of Mr. Miller, president of the Pfaff Motor Car Company, was to the effect that he was a distributor of Marmon and Roosevelt automobiles; that Seibert, the mortgagor, was doing business on Freeman Avenue, as the Seibert Motor Sales Company; that he was one of the plaintiff's retail dealers; that he had a sales room for that purpose in which he displayed cars for sale to the public and advertised himself as such; that he sold Marmon and Roosevelt cars as a dealer of the Pfaff Motor Car Company, distributors. He testified that these two particular cars in question were in the place of business of the Pfaff Motor Car Company for a day or two, and subsequently it loaned both cars to Mr. Seibert to display on his floor; that Seibert did not have enough money to put many cars on his floor, and he asked as a favor for these two automobiles; that he had a nice looking floor, said it looked bare, and asked if we had any objection to his taking two cars and putting them on the floor. We had no objection as "we thought it was perfectly honest." Preceding that, Miller testified that Seibert had been selling their cars from his floor.

Enough has been said to show that had there been a sale to an innocent member of the buying public, the buyer would be protected in his purchase under the facts stated and the law applicable.

The "floor plan" rule is not accepted universally. There are many decisions to the contrary. However, we are of opinion that the great weight of authority supports the rule announced in those cases and is the law of Ohio.

The question then is: Does this rule protect the mortgage liens as against the ownership of the Pfaff Company? In other words, does the implied authority to sell to the public carry implied authority to pledge the articles?

Since the implied authority to sell is not universally accepted, we do not feel justified in extending the rule to include implied authority to pledge in the absence of any

supporting authority. Another reason for making the distinction is, that the buying public has no opportunity to examine the title to the property or the indicia thereof at the time of purchase, while the pledgee or mortgagee has ample opportunity for full and complete investigation.

The taking of a mortgage to secure a loan is not a commercial transaction in the sense of engaging in trade with the public. The prospective mortgagee has ample opportunity to examine the title or the indicia thereof. The evidence of the mortgagee is that it made no inquiry concerning Seibert's title. A simple request for a bill of sale or invoice or a telephone message to the distributor would have informed the Finance Company that the mortgagor was without title to the property. We have not been able to find any direct authority on the question, other than the case of Wright v Solomon, 26 California, 64, the 5th paragraph of the syllabus is as follows:

"Delivery of goods to a merchant engaged in sale of similar articles is such evidence of the bestowal of the right to dispose of the same as to protect the purchaser from the possessor. But, the authority to pledge cannot be inferred from possession in such case; for to pledge is a special transaction outside of the protection extended to the ordinary transactions of commerce."

While this is an old case involving merchandise, we are of the opinion that the reasoning applies with equal force to the motor car trade under the circumstances of this case. There was some evidence introduced by the Finance Company, given by Miss Dirr, a former bookkeeper of Seibert's, who testified to the effect that there was some arrangement between Seibert and the Pfaff Motor Car Company, by which Seibert upon purchasing and paying for two cars, two additional cars were furnished for the sales room by the Pfaff Motor Car Company, and that as two cars were sold the Pfaff Motor Car Company would supply two additional cars upon payment for the two cars furnished in the original transaction. On the direct question as to whether or not that arrangement applied to the two cars in question, she stated she did not know. So that the evidence is not clear as to that transaction. The trial court in weighing the evidence found that the facts were as Miller gave them, and that the cars were a loan to Seibert and the ownership was in the Pfaff Motor Car Company.

We are of opinion that the law for the protection of the buying public should not be extended to give protection to the pledgee or mortgagee. And since this is the only proposition that will support the mortgages, find that the trial court was justified in finding the right of property in the Pfaff Motor Car Company, and its judgment will be affirmed.

ROSS, J, concurs.